## PARTEE *vs.* THE GEORGIA RAILROAD.

The regulations of the railroad commissioners, fixing the rates of fare for passengers who obtain tickets from the agents of the companies at their depots, as well as for those who do not, and prescribing the manner in which ticket offices shall be kept open before and at the arrival of trains, do not apply to freight trains, but only to regular passenger trains.

(*a.*) Though a charge may be erroneous, the party in whose favor it is given has no right to a reversal on account of it.

(*b.*) The evidence above shows nothing to establish the unreasonableness of the regulation, nor is it unlawful.

April 8, 1884.

Railroads. Railroad Commission. Practice in Supreme Court. Before Judge LAWSON. Morgan Superior Court. September Term, 1883.

A. M. Partee brought an action for damages against the Georgia Railroad, alleging that he had tendered his fare at the proper rate, but more had been demanded by the conductor, and he had been ejected from the train.

On the trial, the evidence showed, in brief, as follows: Partee desired to come from Rutledge to Atlanta, on the night train. He failed to reach the station in time for the passenger train. The next train which passed Rutledge,

going to Atlanta, was a through freight train, which passed about three o'clock A. M. On arriving at the depot about one and one-half o'clock, he found the ticket office closed. He went to the house of the ticket agent, and told him he wanted to buy a ticket to Atlanta; the agent replied that he could not get one. When the train reached the station, plaintiff and another passenger went into the cab, and took seats in a place where passengers usually rode. The conductor asked them where they were going, and they told him to Atlanta. After the train started, the conductor came to collect fare. Plaintiff tendered his fare, at the rate of three cents per mile; the conductor required four cents per mile, and showed a rule-book in which conductors were required to charge four cents per mile to passengers without tickets. Plaintiff still refused to pay that rate, and the train was thereupon stopped, and plaintiff got off. (The evidence for the plaintiff was to the effect that the conductor required him to get off; while the evidence of the conductor was that plaintiff said he would not pay four cents per mile, and if witness would stop the train, he would get off, which was done.) The other passenger had a ticket, and went on. Plaintiff walked back about a mile to the station, and took the next passenger train, which went by about sunrise. The ticket office was still not open, but the conductor collected from plaintiff only three cents per mile to the next station where he could procure a ticket. Freight trains have seats for passengers, and conductors on this road never refuse them, if they are going to a point where the train stops. Tickets cost the same on both freight and passenger trains, and the same rules of the company govern as to passengers.

The following extracts from the regulations of the railroad commission were introduced:

" Passenger Class A includes the following: Those portions of the Georgia Railroad between Augusta and Atlanta. On and after February 1, 1881, the passenger rates shall not exceed, for any one passenger, with 100 pounds of baggage, on railroads in Class A, three cents per mile.

" 6. The regulations of railroads as to passengers without tickets are matters of police, with which the commissioners will only interfere upon complaint of abuse. An extra charge of more than one cent a mile, full rate, or one-half cent, half rate, is regarded as excessive, unless such extra charge would fall below the minimum above given.

" Standard Passenger Tariff.—For a passenger, with baggage not exceeding 100 pounds, the rates per mile shall not exceed the follow-ing, viz. : For passengers twelve years old and over, on roads in Class A, 3 cents per mile. No more than these rates for passengers shall be charged, when the ticket office shall not have been open for a reasonable time before the departure of a train from a station."

The following extracts from the rule-book of the road, under the head of " Instruction to Conductors," were introduced :

' 2. From all passengers not presenting tickets, or other proper evidence of their being entitled to passage, conductors will, in every case, charge the full amount, as given under the head of train rates.

" 19. The attention of agents and conductors is especially called to the following rule of the railroad commissioners, which must be strictly adhered to : No more than the lowest rate specified shall be charged, when the ticket office shall not have been open for a reasonable time before the departure of a train from a station."

The jury found for the plaintiff $16.50. He move¯ for a new trial, which was refused, and he excepted.

C. F. Foster ; H. T. & H. G. Lewis, for plaintiff in error.

J. B. Cumming ; Billups & Hardeman, for defendant.

Hall, Justice.

The only question which we deem it essential to consider in this case is, whether the regulations promulgated by the railroad commissioners, fixing the rates of fare for passengers who obtain tickets from the agents of the companies, at their depots, as well as for those who neglect to supply themselves with such tickets, and prescribing the manner in which ticket offices shall be kept open before and at the arrival of trains, so as to afford those who intend to take passage an opportunity of procuring tickets, are

applicable to such as take passage on freight trains. The court below was of opinion that they did. In this, we think there was error. But the error was against the defendant, and it makes no complaint on that score, and, although the defendant would have been entitled to a new trial, yet if it chooses to acquiesce in the finding, the plaintiff cannot be heard to complain of a ruling that inured to his benefit. 27 *Ga.*, 358. The regulations in question apply, *ex vi termini*, as well as by the subject-matter, exclusively to rates of fare, as it seems to us, on regular passenger, and not on freight trains.

The carrying of passengers on freight trains, is not compulsory upon the company, either by law or by any rule of the railroad commission, to which our attention has been called. These several trains are run for distinct and different purposes; the one for the transportation of freight, the other for the transportation of passengers. From aught that appears to the contrary, it would seem to be the policy of both of the companies and the commission, to keep these branches of transportation distinct, and whether this policy be right and prudent or otherwise, it is not for courts to determine. Is the regulation reasonable and in accordance with law? If so, that is an end of the matter. The evidence shows nothing against its reasonableness, and nothing occurs to us why it is not lawful.

There are other questions in the case upon which it would be superfluous to pass. We express no opinion as to other portions of the judge's charge, or as to his rulings upon the admission of testimony. If they be erroneous, as alleged, they did no injury to the plaintiff, who gets as much as, or perhaps more, by this verdict ($16.50) than he appears to be entitled to.

Judgment affirmed.